UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NUVASIVE, INC., a Delaware corporation, | ) | Case No. 07cv325 BTM (WMc) |
| Plaintiff, | ) ) | **SCHEDULING ORDER** |
| v. | ) ) | |
| OZARK MEDICAL, INC., and DOES 1 through 100, inclusive, | ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Rule 16.1 (d) of the Local Rules, a Case Management Conference was held on June 22, 2007. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

\*\*\*     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be *filed* on or before *July 23, 2007*.

1.      The parties shall disclose the identity of their respective experts in writing by *October 22, 2007*. The date for the disclosure of the identity of rebuttal experts shall be on or before *November 16, 2007*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

2. On or before *November 30, 2007*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or before *December 14, 2007.*

4. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All discovery, including experts, shall be completed by all parties **on or before** *December 28, 2007.* "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

6. A Mandatory Settlement Conference shall be conducted **on January 21, 2008 at** *9:30 a.m.* in the chambers of Magistrate Judge William McCurine, Jr.  Counsel shall submit confidential settlement briefs **directly** to chambers no later than **January 14, 2007.** The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall *not* include exhibits or attachments. All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually

prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

7. All other pretrial motions must be filed on or before *January 25, 2008*. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be further advised that the period of time between the date you request a motion date and the hearing date may be up to three or more months. Please plan accordingly**. For example, you may have to contact the judge's law clerk three or more months in advance of the motion cutoff to calendar the motion. Failure to make a timely request a motion date may result in the motion not being heard. Motions will not be heard on the above date unless you have obtained that date from the judge's law clerk.

8. The requirements of Civil Local Rule 16.1 (f)(2) to file Memoranda of Contentions of Fact and Law are waived.

9. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *March 18, 2008*.

10. Counsel shall meet and confer on the preparation of the Pre-trial Order required by Judge Moskowitz on or before *March 25, 2008*.

The parties shall prepare a proposed Pre-trial Order containing the following:

(a) A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

(b) A list of the causes of action to be tried, referenced to the Complaint and Counterclaim. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint or Counterclaim which is not listed shall be dismissed with prejudice.

(c) 1. A list of each witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

2. A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses'

testimony.

   3. A list of additional witnesses including experts that counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

 (d) 1. A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

   2. A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

 (e) A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.  The parties are encouraged to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

 (f) A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial.  The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.

 (g) The parties shall prepare proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses.  One set of proposed instructions shall be given to the court.  If the parties disagree on an instruction, the alternative instructions shall be submitted.

 (h) The parties shall prepare a proposed jury verdict form.

  The parties are encouraged to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

 11. Objections to Pre-trial disclosures shall be filed no later than *April 1, 2008.*

 12. The Proposed Final Pretrial Conference Order as described above shall be prepared, served, and lodged on or before *April 8, 2008*.

 13. The final Pretrial Conference is scheduled on the calendar of *Judge Moskowitz* on **April 15, 2008 at 4:00 p.m.**

 14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

DATED: June 25, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

COPY TO:

HONORABLE BARRY T. MOSKOWITZ, U.S. DISTRICT JUDGE
ALL PARTIES AND COUNSEL OF RECORD